### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

UNITED STATES OF AMERICA :

VS. : CRIMINAL NO. 05-124-CG

TONY DEWAYNE YOUNG :

### ORDER

With the consent of the parties, this action was referred for the purpose of conducting jury selection pursuant to 28 U.S.C. § 636(b)(3); *Peretz v. United States,* 501 U.S. 923, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991). Those oral rulings made during jury selection are memorialized herein.

### PROCEDURAL HISTORY

1. Pursuant to the schedule established by Senior Judge Charles R. Butler, Jr., the undersigned was referred three criminal cases for the purpose of conducting jury selection on August 1, 2005.

2. Pursuant to this Court's jury selection plan (1992), the Clerk of the Court provided the undersigned with a group of prospective jurors sufficient in number from which to strike three criminal juries.

3. After being given an oath, the prospective jurors responded to questions presented by the Clerk of the Court going to their legal qualifications as jurors under the Court's jury selection plan. The defendant and his attorney, John L. White, Esquire, along with Assistant United States Attorney Michelle Nicrosi, were present when the Clerk

identified prospective jurors, administered the oath and asked them the qualifying questions. After excusing jurors Hoydich, Keith and Fields pursuant to the Court's jury selection plan, all other prospective jurors were deemed qualified to serve.

4. The Court divided the venire into two panels, A and B, and then propounded additional questions and allowed respective counsel to ask additional questions to those members of panel A.

5. Prospective jurors Cleveland (#3) and McCaine (#31) asked to be excused from jury service due to a conflict with the trial schedule (Cleveland) and health problems (McCaine). After discussing their problems in the presence of all counsel, the requests of both prospective jurors were granted. McCaine was excused from all service and Cleveland was moved into panel B.

6. No motions to strike a prospective juror for cause were presented.

7. No motions or challenges were presented pursuant to *Batson v. Kentucky* and its progeny.

8. After all peremptory challenges were exercised and reviewed, the Clerk seated the first twelve unchallenged jurors remaining on the strike list as the jury and the next two available jurors as alternates. Counsel for all parties orally confirmed that the jury seated was the jury that had been struck. The jury was then given information sheets, preliminary instructions regarding their conduct and excused until August 25, 2005 for the trial of this action.

## CONCLUSIONS OF LAW

1. The jury panel from which a jury was struck in this action was appropriately

constituted under federal law and the Court's jury selection plan. 28 U.S.C. § 1861, *et seq.*; Plan for the Random Selection of Grand and Petit Jurors (1992). All prospective jurors constituting the panel from which the jury was selected were legally qualified to serve as jurors under the Court's plan.

  2. With consent of the parties, the duty to supervise jury selection in this action was referred to the undersigned as an additional duty pursuant to 28 U.S.C. § 636(b)(3). *Peretz v. United States*, 501 U.S. 923, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991).

  3. At the conclusion of *voir dire*, the parties were authorized to exercise their peremptory strikes simultaneously pursuant to Rule 24, Federal Rules of Criminal Procedure. Defendant was authorized ten peremptory strikes and the Government was authorized six peremptory challenges pursuant to Rule 24(b). Since the Court also empaneled two alternate jurors, the Government and the defendant were also allowed to exercise two peremptory challenges each in order to identify the two alternates pursuant to Rule 24(c).

  4. After all peremptory strikes were exercised, the Court allowed opposing counsel to review the strikes imposed. Subsequent to that review, defense counsel and counsel for the Government orally notified the Court that they did not have objections to the method used or the strikes taken. They advised the Court that they were ready to have the jury seated.

## CONCLUSION

Upon completion of the jury selection process in this action, a jury of twelve and two alternates was empaneled to serve in this case, scheduled to begin **August 25, 2005.**

No reason has been given, nor is one known, as to why this action should not proceed to trial as scheduled.

**DONE** this the 3rd day of August, 2005.

        **s/WILLIAM E. CASSADY**
        **UNITED STATES MAGISTRATE JUDGE**